# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JEREMY T. BERGSTROM, BAR NO. 6904.

No. 82359

FILED

JUN 07 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that Jeremy T. Bergstrom be suspended for two years based on violations of RPC 1.15 (safekeeping property) and RPC 8.1 (disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Bergstrom committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Bergstrom failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Bergstrom

---

[1]Bergstrom had notice of the State Bar's investigation as he did respond to it when it was in the grievance stage. In addition to serving the underlying disciplinary pleadings on Bergstrom at his SCR 79 address, the State Bar attempted personal service on Bergstrom at multiple addresses.

21-16181

violated the above-reference rules by permitting his trust account to be overdrawn by $5,973 and by failing to adequately respond to the State Bar's inquiries.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Bergstrom violated duties owed to his client (safekeeping property) and the profession (failure to respond to lawful requests for information by a disciplinary authority). Bergstrom's mental state appears to have been knowing at least as to the RPC 8.1 violation, as he was aware of the State Bar's investigation. His misconduct potentially harmed his client. Bergstrom's failure to cooperate with the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The baseline sanction for Bergstrom's misconduct, before consideration of aggravating and mitigating circumstances, is disbarment or suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 8.1(b) (Am. Bar Ass'n 2017) (recommending disbarment when a lawyer "has

been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession"); *see also* Standard 7.2 (providing suspension is appropriate "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The panel found and the record supports five aggravating circumstances (prior discipline, dishonest or selfish motive, pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and no mitigating circumstances. Considering all the factors, we conclude the panel's recommended discipline serves the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession).

Accordingly, we hereby suspend attorney Jeremy T. Bergstrom from the practice of law for two years to run consecutive to his suspension imposed in *In re Discipline of Bergstrom*, Docket No. 79205 (Order Approving Conditional Guilty Plea Agreement, Nov. 14, 2019), which ended on May 15, 2020.[2] Bergstrom shall also retake the Nevada State Bar exam and MPRE and pay Farmers Financial Services $10,433.16 in restitution,

---

[2]The order in Docket No. 79205 required that Bergstrom petition for reinstatement at the end of the actual suspension in that matter. He has never done so. Because the suspension imposed in this matter runs consecutive to the suspension in Docket No. 79205, the suspension herein will be completed on May 15, 2022.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

if he has not done so already. Further, Bergstrom shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                                      Stiglich

_____, J.          _____, J.
Cadish                                            Silver

_____, J.          _____, J.
Pickering                                        Herndon

cc:    Chair, Southern Nevada Disciplinary Board
      Jeremy T. Bergstrom
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada
      Admissions Office, U.S. Supreme Court